UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENYAMIN SMITH,<br>Booking # 209-301-98,<br><br>                              Plaintiff,<br><br>          vs.<br><br>KROUT WILLIAM, et al.,<br><br>                              Defendants. | Case No.: 3:20-CV-01983-TWR-MDD<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Benyamin Smith ("Plaintiff"), a pretrial detainee at the San Diego Central Jail, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. Section 1983. (*See* ECF No. 1, Compl.)

**I.     Failure to Pay Filing Fee or Request *In Forma Pauperis* ("IFP") Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

///

$400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action.  Although Plaintiff has filed a Motion for Leave to Proceed IFP, (*see* ECF No. 2), he has not attached "a certified copy of the trust account statement (or institutional equivalent) for [Plaintiff] for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined" as required by 28 U.S.C. Section 1915(a)(2). Plaintiff asserts in a document attached to his Complaint that he has "been told by all the sheriffs here at this central jail [I] will not get a copy of any trust account & [I] will not get anything certifi[e]d by this jail d[ue] to covid #19 . . . ." (*See* Compl. at 5.)  Aside from this assertion, the Court is not aware of any COVID-19 restrictions at the Central Jail or any other aspect of the pandemic that would prevent the responsible official from printing and certifying Plaintiff's trust account statements pursuant to 28 U.S.C. Section 1915(a)(2).  Moreover, during the COVID-19 pandemic, the Court has reviewed several cases from other facilities operated by the San Diego County Sheriff's Department in

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

which plaintiffs have obtained trust account statements and certifications from the appropriate officials. *See, e.g.*, *Mondragon v. Cnty. of San Diego*, No. 3:20-cv-01574-DMS-AHG, 2020 WL 5064310, at *1 (S.D. Cal. Aug. 26, 2020); *Keavney v. Cnty. of San Diego.*, 3:19-cv-01947-AJB-BGS, 2020 WL 2745240, at *2 (S.D. Cal. May 27, 2020).

Without trust account statements, the Court cannot determine whether Plaintiff is entitled to proceed IFP or assess what, if any, initial partial filing fee may be due. *See* 28 U.S.C. § 1915(a), (b)(1). As a result, Plaintiff's case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. Section 1914(a) and Section 1915(a); and

(2) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a properly supported Motion to Proceed IFP. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit a properly supported Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy the

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  fee requirements of 28 U.S.C. Section 1914(a) and without further Order of the Court.
2  **IT IS SO ORDERED.**
3  Dated:  October 29, 2020

_____
Honorable Todd W. Robinson
United States District Court